## SCHMIDT *v.* COBB.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF IOWA.

Submitted October 12, 1886. — Decided October 25, 1886.

A commenced a proceeding in equity in a District Court of Iowa against B
for violating the provisions of §§ 1540, 1542 of the Code of that State
respecting the sale of intoxicating liquors, and the owning and keeping
such liquors with intent to sell the same. B filed his petition, alleging
that by these proceedings and by the construction given to the statute by
the Supreme Court of Iowa in another case, he was deprived of his rights
under the Constitution and laws of the United States, and praying for the
removal of the cause to the Circuit Court of the United States; and
it was so removed. In that court A filed an amended complaint, and B
filed an amended petition for removal; each by leave of court. A moved
that the cause be remanded to the State Court. The Circuit Court
remanded it, from which order B appealed. This court affirms the
decree of the court below by a divided court.

This was a process styled "a petition in equity," com-
menced by appellee September 4, 1884, in the District
Court of Dubuque County, Iowa, under § 1543 of the Amended
Code of Iowa, to recover a fine from appellants for viola-
tions of the provisions of §§ 1540 and 1542 of that Code.
These sections are as follows:

"SEC. 1540. If any person not holding such permit [a per-
mit to buy and sell intoxicating liquors for the purposes named
in § 1527] by himself, his clerk, servant, or agent shall directly
or indirectly or by any device, sell or in consideration of the
purchase of any other property, give to any person any intox-
icating liquors, he shall for the first offence be deemed guilty.
of a misdemeanor," &c.

"SEC. 1542. No person shall own or keep, or be in any way
concerned, engaged or employed in owning or keeping any
intoxicating liquors, with intent to sell the same within this
state, or to permit the same to be sold therein in violation of
the provisions hereof; and any person who shall so own or

keep, or be concerned, engaged, or employed in owning or keeping such liquors with any such intent shall be deemed for the first offence guilty of a misdemeanor," &c. The guilty person is then subjected to accumulating penalties, until they reach $300, and six months in the county jail.

"SEC. 1543. In cases of violation of the provisions of either of the three preceding sections, or of section fifteen hundred and twenty-five of this chapter, the building or erection of whatever kind, or the ground itself, in or upon which such unlawful manufacture or sale, or keeping, with intent to sell, use or give away, of any intoxicating liquor, is carried on, or continued, or exists, and the furniture, fixtures, vessels and contents, is hereby declared a nuisance, and shall be abated as hereinafter provided. And whoever shall erect or establish, or continue or use any building, erection or place, for any of the purposes prohibited in said sections, shall be deemed guilty of a nuisance and may be prosecuted and punished accordingly, and upon conviction shall pay a fine of not exceeding $1000 and costs of prosecution and stand committed until the fine and costs are paid, and the provisions of c. 47, title 25, of this code, shall not be applicable to persons committed under this section. Any citizen of the county, where such nuisance exists, or is kept or maintained, may maintain an action in equity to abate and perpetually enjoin the same, and any person violating the terms of any injunction granted in such proceedings, shall be punished as for contempt, by a fine of not less than five hundred nor more than one thousand dollars, or by imprisonment in the county jail not more than six months, or by both such fine and imprisonment, in the discretion of the court."

The petition in equity was as follows, being entitled as of September Term, 1884:

The plaintiff, agent of the Citizens' Law and Order League of Dubuque, complaining, shows to the court and avers as follows:

Par. 1st. That he is a citizen of Dubuque County, State of Iowa.

Par. 2d. That defendants, Schmidt Brothers, a firm com-

posed of Albert Schmidt and Titus Schmidt, at the city and
county of Dubuque, at the Iowa Brewery so called, situated
upon Couler Avenue, in said city, and upon lot number 5 in
Brewery addition, as platted and recorded with Dubuque
deeds, have established a saloon and place for the keeping and
sale of intoxicating liquors, to wit, whiskey, wine, gin, and
beer, in violation of law, and are now keeping, and employed
and engaged in keeping, said intoxicating liquors in said saloon
and place with the intent to sell the same, and with the intent
to permit the same to be sold therein, contrary to the provis-
ions of § 1542 of the Code of Iowa as amended and sub-
stituted by an act of the General Assembly of the State of
Iowa, approved April 3d, 1884.

Par. 3d. That in the month of August, 1884, the said de-
fendants, in the saloon and place aforesaid, did, by themselves,
their clerk, agent, and servant, sell to divers and sundry per-
sons intoxicating liquors, to wit, whiskey, wine, gin, and beer,
contrary to the provisions of § 1540 of the Code of Iowa as
amended and substituted by an act of the General Assembly
of the State of Iowa, approved April 3d, 1884.

Par. 4th. That said defendants, at the saloon and place
aforesaid, have heretofore, to wit, since the 15th day of July,
1884, by themselves, their clerk, agent, and servant, sold, and
continue from day to day to sell, intoxicating liquors, to wit,
whiskey, wine, gin, and beer, as a beverage, contrary to law.

Par. 5th. That said defendants are the owners of the prem-
ises aforesaid, and are the owners of certain whiskey, gin, wine,
and beer kept and contained in certain kegs, bottles, and other
vessels for illegal sale upon said premises as aforesaid, and are
the owners of certain furniture and fixtures on the said prem-
ises used in said business.

Par. 6th. Whereby and by reason of the premises and in
manner and form as aforesaid, the said defendants, Schmidt
Bros., at the saloon and place aforesaid, have established and
are now keeping and maintaining a nuisance, to the great in-
jury of the plaintiff and other good citizens of said county, and
to the detriment of the public peace and safety, and unless re-
strained by the order and decree of this court, will continue to

keep and maintain said nuisance at said place, in violation of law and to the public injury. Wherefore plaintiff prays that said saloon and place be adjudged and decreed to be a nuisance, and that the same be abated, and said defendants be enjoined by preliminary injunction from further keeping or maintaining said saloon and place for the illegal sale of intoxicating liquors, and also from keeping the said liquors with intent to sell the same contrary to law, and also from selling the same in said place contrary to law either by themselves or their clerk, agent, or servant, and that upon final hearing said injunction be made perpetual, and that plaintiff have such other and further relief as in equity he is entitled to, and also that he have judgment for costs.

At the same term respondents appeared, and on the 24th September, 1884, demurred to the petition, assigning the following reasons for demurrer. (1) The petition shows that plaintiff has no legal capacity to sue. (2) The petition shows no such interest in the plaintiff, in the event of the suit, as will enable him to maintain this action. (3) The petition nowhere alleges that said defendant has been, by a proper tribunal, convicted of the alleged nuisance sought to be enjoined. (4) The petition shows that this court has no jurisdiction of the cause of action set out in the petition. (5) The court has no jurisdiction of this action, because it is an attempt, in a court of chancery, to pass upon the guilt or innocence of the defendant under a penal and criminal statute, and it is by said action sought to deprive him of a jury trial upon the issue raised. (6) The section of the statute under which this action is brought is unconstitutional, null, and void, because it is an attempt to deprive the party accused of the offence herein of a jury trial. (7) The facts stated in the petition do not entitle the plaintiff to the relief demanded.

At September Term 1885, defendants presented the following petition for the removal of the cause to the Circuit Court of the United States, entitled in the cause:

1st. Your petitioner, the above named defendant, shows to the court that he is, and for five years last past has been, a citizen of the State of Iowa.

2d. That long prior to and ever since the fourth day of July, A.D. 1884, he was continuously engaged upon the premises mentioned in plaintiff's petition, in the business of keeping a saloon, under and in accordance with the laws of Iowa.

3d. That in the commencement and prosecution of said business he had and has involved property of great value, which will be rendered entirely worthless if the plaintiff succeeds against him in the present action, and being over twenty dollars in value.

4th. That there has been no trial or final hearing of this cause.

5th. That the twentieth General Assembly of the State of Iowa passed an enactment which petitioner prays may be considered in this case, which by its terms went into effect on the 4th day of July, A.D. 1884, being cc. 8 and 143, laws of the 20th General Assembly of the State of Iowa, amending and repealing sections of title XI, c. 6, Code of Iowa, relating to the sale of intoxicating liquors, which renders highly penal the prosecution of said saloon business, and which, if enforced, as threatened, as hereinafter stated, will destroy the property of defendant so used and deprive him unlawfully of said occupation.

6th. That under the provisions of said law defendant can be deprived of his property and punished with heavy penalties for being engaged in said saloon business without having the opportunity and right of a jury trial upon the questions involved, and without any trial whatever, except as pointed out by said act.

7th. That the Supreme Court of the State of Iowa, at March Term, 1885, in the case of *Littleton* v. *Fritz*, has declared said law in full force, and the persons in the situation of defendant can be prosecuted under it and be deprived of property and liberty without any right to a jury trial.

8th. That under said enactment and said decision the said plaintiff has begun and is prosecuting this suit.

9th. That by said proceedings under said enactment and said decision said defendant is deprived of the rights guaranteed him under the acts of Congress usually known as the

" Civil Rights " law, and under the Constitution of the United States and amendments thereto especially is he denied, and he cannot enforce in the State judicial tribunals of Iowa, the rights secured to him under said " Civil Rights " law and said Constitution of the United States, and especially the 14th Amendment thereto, and said enactment of said 20th General Assembly and said decision are in violation of said " Civil Rights " law.

" Therefore defendant offers, as provided by law, to file copies of all pleadings and proceedings herein in the Circuit Court of the United States for the Northern District of Iowa on the first day of its next term, and prays that this suit may be removed into said court, as provided by § 641 of the Revised Statutes of the United States."

On the 21st September, 1885, this petition was granted, and the cause was ordered to be removed. By the endorsement of the deputy clerk of the Circuit Court of the United States the papers appear to have been filed in that court on the 17th November, 1885.

On the 23d December, 1885, an amended petition, entitled as of September Term, 1884, District Court of Dubuque County, Iowa, was filed in the Circuit Court of the United States. This differed from the previous petition in the following respects. Paragraphs 1 and 5 were identical in both. In paragraph 2 defendants were styled " Schmedt" instead of " Schmidt," and " Alfred" instead of " Albert"; the *locus* was averred as " a saloon " instead of " a saloon and a place "; and the words " at retail as a beverage " were omitted. In paragraphs 3, 4, and 6, the same changes were made in the aver-- ment as to the *locus*, and in the words " at retail and as a beverage."

On the 17th November, 1885, plaintiff moved, in the Circuit Court, to remand the cause to the District Court of Iowa for the following reasons : " (1) Because the petition for removal fails to state facts showing that defendants were entitled to remove said action from the State court under the provisions of § 641 of the Revised Statutes of the United States. (2) Because said petition fails to state facts sufficient to give ―

court jurisdiction of said action. (3) Because said petition fails to state facts showing that defendants are denied or cannot enforce in the judicial tribunals of the State of Iowa any rights secured to them by any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction of the United States, within the provisions and purview of § 641 of the Revised Statutes of the United States. (4) Because said action was improperly removed from said State court, as it involves no dispute or controversy within the jurisdiction of this court."

On the 23d December, 1885, defendants filed in the Circuit Court of the United States the following amended petition for removal :

"1st. Your petitioners, the above named defendants, show to the court that they are, and for five years last past have been, citizens of the United States and the State of Iowa, residing in the State of Iowa.

"2d. That long prior to the 4th day of July, A.D. 1884, and ever since that time they have been engaged in the business of brewing beer and selling the same at both wholesale and retail, and they have kept upon the premises mentioned in the petition, being the same premises upon which said beer is manufactured, which said premises have all said time belonged to and are now owned by defendants, and contain large breweries, erected for the purpose of manufacturing beer and for no other purpose, and are suited for no other purpose, a room and bar where said beer so manufactured is kept for sale at retail, which is the keeping of a saloon charged in the petition herein and not other or different, and defendants claim that such business is legal under the laws of Iowa.

"3d. That they have invested in said business of brewing and selling beer a large sum of money, and there is involved in this case, in addition to the personal rights of defendants, the sum of ten thousand dollars, exclusive of costs, and more than that amount of property belonging to defendants will be rendered entirely worthless if plaintiff succeeds against them in the present action.

"4th. That there has been no trial or final hearing of this case.

"5th. That plaintiff has filed his motion herein for a temporary injunction to restrain defendants from prosecuting their said business, which plaintiff is endeavoring to press to a hearing in the State court, which, if allowed, will be of irreparable injury to defendants.

"6th. That the 20th General Assembly of the State of Iowa passed an enactment which defendants ask may be considered in this case, which, by its terms, went into effect on the 4th day of July, A.D. 1884, being cc. 8 and 143, laws of the 20th General Assembly of the State of Iowa, amending sections of title XI, chapter VI of the Code of Iowa, relating to the sale of intoxicating liquors, which defendants claim should be declared of no effect, which renders highly penal the prosecution of said business of defendants, and which, if enforced, as threatened, in this case, as hereinafter stated, will destroy the property of defendants so used and deprive them unlawfully of their said occupation.

"7th. That under the provisions of said law defendants can be deprived of their property and punished with heavy penalties for being engaged in said business without having the opportunity and right of a trial by jury upon the questions of fact involved, and without any trial whatever except as pointed out by said act.

"8th. That the Supreme Court of the State of Iowa in the case of *Littleton* v. *Fritz*, decided at the March Term, A.D. 1885, of said court, to which reference is here prayed, has declared said law in full force, and that persons in the situation of defendants can be prosecuted under it, and be deprived of property and liberty without any right of a jury trial.

"9th. That under said enactments and said decision the said plaintiff has begun and is prosecuting this suit without any right to or interest therein, except what said enactment and said decision confer.

"10th. That under said law and said decision persons who are charged with being engaged in the saloon business are guilty of maintaining a nuisance — thereby are, and their property is, discriminated against in being deprived of the same mode of trial that persons charged with maintaining other nuisances

in violation of law are allowed, and other and different and more onerous penalties and punishment are imposed against them and against their property than are denounced against persons charged with maintaining other kinds of nuisances.

"11th. That under said law, and especially § 1526, as amended, of the Code of Iowa, petitioners are denied the right to manu-facture or sell beer or other manufactured liquors for any purpose whatsoever on account of their occupation, while persons engaged in other occupations are allowed to engage in such sales.

"12th. That said law and said decision are in derogation of the rights of defendants as guaranteed by the Constitution of the United States, and especially as guaranteed by the 14th Amendment thereof, and defendants are thereby denied the equal protection of the laws of said State of Iowa, and are deprived, and liable to be deprived, of liberty and property without due process of law.

"13th. That by said law and said decision they are denied in these proceedings in the State court the equal protection of the laws of Iowa as guaranteed by said Constitution of the United States and said amendment and by the laws of Congress, as passed for their protection.

"14th. That said laws, so passed by the said 20th General Assembly of Iowa, are null and void as being contrary to the said 14th Amendment of the Constitution of the United States and the laws made in pursuance thereof, but the Supreme Court of the State of Iowa has refused so to declare, holding the same binding and of full force.

"Therefore defendants offer, as provided by law, to file copies of all pleadings and proceedings herein in the circuit court of the United States for the Northern District of Iowa, Eastern Division, on the first day of its next term, and to file a bond, conditioned as provided by law, if such bond be demanded, and pray that this suit, which arises under the Constitution and laws of the United States, and the present being the first term at which said suit could be tried, and is also removable under § 641 of the Revised Statutes of the United States, may be removed into the next term of the Circuit Court of the United States for the Northern District of Iowa, Eastern Division."

The following is a transcript from the record of the proceedings in the Circuit Court of the United States for the Northern District of Iowa on the 1st day of February, 1886, touching this cause:

"This day this cause coming on to be heard, upon the motion of complainant to remand the same to the State court, the complainant, having, by leave of court heretofore made, filed his amendment to his bill of complaint, and the defendant, by leave of court heretofore given, having filed his amended petition for removal of said cause into this court, and the court having read as well the amended pleadings of plaintiff and the amended petition for removal of defendant, and having considered the same, and having heard the said parties by their respective counsel, and being fully advised, grants said motion to remand made by said plaintiff, upon the ground that there is no Federal question involved in said cause. It is therefore ordered, adjudged, and decreed that said cause be remanded to the district court in and for Dubuque county, Iowa, from which it came, and that plaintiff recover his costs in this court against defendants; to all of which the defendants, by their counsel, then and there excepted.

"And thereupon the defendants, in open court, file their petition for appeal to the Supreme Court of the United States from said decree and present for approval their supersedeas bond.

"The court, after argument by counsel for the respective parties, being fully advised, allows said appeal to the Supreme Court and approves said supersedeas bond, which is done accordingly."

On the docketing of the cause here, the appellee moved to dismiss the appeal, and united with this motion a motion to affirm the order of the Circuit Court remanding the cause.

*Mr. S. P. Adams, Mr. Jed Lake,* and *Mr. M. H. Beach* for the motion.

*Mr. H. B. Fouke* opposing.

Mr. CHIEF JUSTICE WAITE announced that the decree below was

*Affirmed by a Divided Court.*

*O'Malley* v. *Farley.* Appeal from the Circuit Court of the United States for the Northern District of Iowa. This cause was submitted with *Schmidt* v. *Cobb*, by the same counsel. It involved the same principles, and, like that case, was

*Affirmed by a Divided Court.*